**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MIR MOHAMMAD KHEZRI,           ) | |
| )                               | |
|    Plaintiff,   ) | |
| )                               | |
| vs.                            ) | |
| )                               | |
| VERA WARD, in her official capacity as Acting  ) | Case No. 07-CV-148-GKF-PJC |
| Field Officer Director of the Oklahoma City Field ) | |
| Office of the United States Citizenship and    ) | |
| Immigration Services; ROBERT MUELLER, in   ) | |
| his official capacity as Director of the Federal  ) | |
| Bureau of Investigation; MICHAEL CHERTOFF, ) | |
| in his official capacity as Secretary of the   ) | |
| Department of Homeland Security,           ) | |
| )                               | |
|    Defendants.  ) | |

## OPINION AND ORDER

This matter comes before the Court on "Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Remand" [Docket No. 9].

Plaintiff Mir Mohammad Khezri filed a Complaint for Mandamus under 8 U.S.C. § 1447(b) to compel the complete processing and adjudication of his Application for Naturalization which has been pending since May 23, 2003. [Docket No. 2]. Plaintiff was interviewed by the Oklahoma City Field Office of the Citizenship and Immigration Services ("CIS") on December 13, 2003. [Docket No. 2, ¶ 14]. Pursuant to 8 U.S.C. § 1447(b),

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Plaintiff filed this action on March 9, 2007, more than 120 days after his interview by CIS.

Defendants recognize that more than 120 days have passed since plaintiff was interviewed on December 13, 2003. Defendants maintain that plaintiff's interview was an "initial interview" that did not trigger the 120-day period under the statute. Defendants contend that the interview is one part of the "process," and the statute is not triggered until "the Agency is 'all done' with its examination under 1446." [Docket No. 9 at 14].

The clear majority of cases addressing the issue have determined that the term "examination" in 8 U.S.C. § 1447(b) refers to the agency's initial interview of the applicant and the 120-day time period begins to run after that interview. *Walji v. Gonzales*, 500 F.3d 432, 435 (5th Cir. 2007) ("[T]he majority of courts addressing this issue have concluded that the term 'examination' in § 1447(b) refers to a discrete event – the agency's initial interview of the applicant – and that the 120-day period begins to run as of the date that interview is concluded."). *See also Etape v. Chertoff*, 497 F.3d 379, 386 (4th Cir. 2007) ("The 120-day period under § 1447 does not even begin to run until after the initial naturalization examination. . . ."); *U.S. v. Hovsepian*, 359 F.3d 1144, 1151 (9th Cir. 2004) (if INS fails to make a determination within 120 days of the first interview the applicant may apply to district court); *Ali v. Gonzales*, 2007 WL 2770655 at *2 (D. Colo. Sept. 20, 2007) ("[T]he vast majority of district courts that have addressed this issue, including several in this district, . . . hold that the 120-day period commences on the date the applicant appears for an interview with USCIS."). The Court concludes that it has jurisdiction pursuant to 8 U.S.C. § 1447(b).

The Court further concludes that jurisdiction is exclusive in the district court. Two Circuit Courts of Appeal have addressed the issue and concluded that § 1447(b) vests exclusive jurisdiction in the district court preventing further action by CIS. *Etape v. Chertoff*, 497 F.3d 379, 383 (4th Cir. 2007) ("[W]e can only conclude that a proper § 1447(b) petition vests the district court with exclusive jurisdiction, unless and until the court 'remand[s] the matter' to the CIS"); *U.S. v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004) "Based on the text of § 1447(b), the context of related statutory provisions, and Congress' policy objectives, we hold that the district court had exclusive jurisdiction over Appellee's naturalization applications."). The Court is unpersuaded by *Bustamante v. Chertoff*, 2008 WL 282017 (S.D.N.Y. Jan. 29, 2008), in which the court construed § 1447(b) to mean that CIS retains concurrent jurisdiction during the pendency of a § 1447(b) action. Because this Court has exclusive jurisdiction over Khezri's naturalization application, CIS had no jurisdiction to act after Khezri filed his Complaint. *Etape v. Chertoff*, 497 F.3d 379, 387-88 (4th Cir. 2007).

Defendants argue that plaintiff's claim is not ripe for resolution. Again, § 1447(b) divests CIS of jurisdiction, leaving exclusive jurisdiction over a plaintiff's unresolved application for naturalization with this Court. Plaintiff's Complaint for Mandamus requests specific action in this Court, and is ripe for review. *See also Etape*, 497 F.3d at 387 (2007) ("Congress has . . . vested district courts with power to intervene when the CIS fails to act in a timely fashion. . . .").

Defendants alternatively request that the Court remand the action to CIS for further adjudication. The request is consistent with plaintiff's request that the Court remand the application

with specific instructions for adjudication of plaintiff's application. Defendants' alternative motion is denied, to be addressed in the context of plaintiff's alternative request to remand with instructions.

**WHEREFORE**, "Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Remand" [Docket No. 9] is denied. This case is set for hearing pursuant to 8 U.S.C. § 1447(b) on April 10, 2008, at 3:00 p.m.

**IT IS SO ORDERED** this 27th day of March 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma